### RALPH S. CLARK vs. C. FREDERICK MORWAY.

First Judicial District, Hartford, October Term, 1926.

WHEELER, C. J., CURTIS, HINMAN, NICKERSON and SIMPSON, Js.

The trial court found that in addition to the renting by the plaintiff and his brothers of a portion of the defendant's dairy farm, it was agreed that the value of the live-stock and feed should be appraised and that the plaintiff and his brothers should purchase them for this amount, the price to be paid in monthly instalments, provided that, at any time before or at the end of three years, either party might terminate the agreement upon notice to that effect, whereupon a new appraisal of the property should be taken and the defendant should return the payments theretofore made less the difference between the two appraisals, if the second was less than the first, or plus the difference, if the second exceeded the first. *Held* that this finding as to the terms of the agreement, having been made upon conflicting evidence, was conclusive; and that the agreement itself was not objectionable for want of mutuality and consideration.

Claims which are not made in the pleadings, or upon the trial, cannot be advanced upon appeal.

Argued October 6th—decided November 13th, 1926.

ACTION to recover damages for the alleged breach of a contract for the operation of the defendant's dairy farm by the plaintiff, brought to the Superior Court in Hartford County and tried to the court, *Wolfe, J.;* judgment for the plaintiff for $4,347, and appeal by the defendant. *No error.*

*William H. Macdonald,* for the appellant (defendant).

*Reinhart L. Gideon,* for the appellee (plaintiff).

HINMAN, J. The oral agreement upon which the plaintiff bases his action is found by the trial court to have been, in substance, as follows: The plaintiff and

his brothers were to rent such portions of the defendant's farm as were necessary to the business of producing milk and were to pay therefor a rental of $200 per month; an appraisal was to be made of live-stock and feed, of which property the plaintiff and brothers were to have the use, for which they were to pay $200 per month (later modified to allow payments to be made, from time to time, of varying amounts). When plaintiff had paid to defendant the full amount of the appraisal, the property covered thereby should become the property of the plaintiff and his brothers. The agreement was, however, subject to the condition that at any time before or at the end of three years either party might terminate the agreement and the relations existing thereunder upon notice to that effect; thereupon a new appraisal of the property should be taken and the plaintiff and his brothers were to receive back from the defendant the total payments made by them for the use of such personal property, less the difference between the second appraisal and the original appraisal, if the second appraisal should prove to be less than the original, or plus the difference if the second should be the greater. It was further agreed that the plaintiff and his brothers should produce milk on the farm and sell it to the defendant, who owned and operated a milk route, at prices fixed by the agreement.

From November 15th, 1921, the plaintiff and his brothers operated the farm under the agreement, until November 20th, 1922, when plaintiff's brothers withdrew, with the consent of defendant, and plaintiff and defendant thereafter continued relations under the agreement until, on October 15th, 1924, plaintiff gave notice to defendant that he exercised the option of ending the relations existing between them and that at the expiration of the period of three years, November

15th, 1924, he would leave the farm, and desired another appraisal, as provided in the agreement. The defendant at first refused to allow an appraisal, but a few days later permitted it; and subsequently the defendant had another appraisal made.

The payments made by the plaintiff on account of this personal property amounted to $4,900, and he brought this action to recover that sum, less the difference between the first appraisal and the second, which was less than the first, together with a balance due for milk sold the defendant and compensation for feed and care of certain live-stock of the defendant. For these items, less the value of the use of certain ensilage cutting and filling machinery of the defendant, included in his counterclaim, the court rendered judgment in favor of the plaintiff.

The facts as stated in the finding are manifestly sufficient to support the conclusions arrived at and the judgment rendered, and the main dependence of the appellant is upon an attempt to correct the finding in numerous particulars. Some minor circumstances, relating principally to the conduct of the parties, sought to be inserted, are admitted or appear to be undisputed, but they are inconsequential so far as concerns the terms of the agreement, and their inclusion in the finding cannot, of itself, affect the court's conclusions and the resulting judgment.

In order to deprive the judgment of essential support, the contention of the defendant must be adopted that the agreement was that only if the defendant sold his farm or a substantial portion of it, or notified the plaintiff that he did not intend to sell (neither of which events occurred) a reinventory was to be had and "if the reinventory was in excess of the original the defendant should pay or allow such excess to the plaintiff; if it was less the plaintiff was to allow such deficiency

to the defendant"; and that the plaintiff had no correlative right of abandonment and adjustment on the basis of comparative inventories.

As to this feature of the agreement the evidence is decidedly conflicting. The finding accords with the testimony of the plaintiff and a corroborating witness, and is reinforced by the admission of the defendant in his testimony that the transaction as to the stock and feed was not an absolute sale in that, at least if defendant decided not to sell the farm, the plaintiff was to receive back the amount paid by him on account of the appraised value plus the excess or minus the deficiency, as between the first and subsequent appraisals. Furthermore, the agreement in this respect, as found by the court, is conspicuously more logical and reasonable, taking into consideration the situation, intentions and conduct of the parties, as stated in the finding and as evinced by such other undisputed facts as are embraced in the motion to correct, than the arrangement claimed by the defendant. Therefore the finding as to the terms of the agreement must stand.

The appellant attacks the contract found as lacking mutuality and consideration. It is not objectionable on these grounds, but the arrangement claimed by the defendant would approach much more closely to one in which "one party is given an option, not accorded the other, of discontinuing or . . . cancelling . . . the contract," and so more vulnerable to a charge of lack of mutuality and "as rendering illusory the promise of the party given the option." 1 Williston on Contracts, § 140.

The endeavor of the appellant to so correct the finding as to show an agreement by the plaintiff to furnish all the milk required for the defendant's milk route and failure to comply therewith because of unskilful management, fails because of conflict or lack of evidence.

The remaining reason of appeal relates to the failure of the court, in computing the amount to be returned to the plaintiff, to allow the defendant compensation, in addition to the difference between appraisals, for plaintiff's use of the live-stock. We do not find in the pleadings, the contract, or the claims made in the trial, support for a contention that the defendant is entitled to such compensation.

There is no error.

In this opinion the other judges concurred.